**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEHAJVEER SINGH (A-No. 245-003-055), | Case No. 1:26-cv-00172-JLT-EPG |
| Petitioner, | ORDER DISCHARGING ORDER TO SHOW CAUSE; DENYING PETITIONER'S MOTION TO ENFORCE JUDGEMENT |
| v. | |
| WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., | (Docs. 18, 19.) |
| Respondents. | |

## I.   INTRODUCTION

Sehajveer Singh has been in the custody of the Department of Homeland Security since November 22, 2025. On March 20, 2026, this Court granted Petitioner's petition for a writ of habeas corpus and ordered Respondents to (1) provide Petitioner with an individual bond hearing and (2) at the bond hearing, prove by clear and convincing evidence that Petitioner's continued detention is justified. (Doc. 16 at 3.) Petitioner received the ordered bond hearing on March 26, 2026, during which Immigration Judge Katie Mullins determined that Petitioner's continued detention was justified. Petitioner now argues that the IJ failed to comply with this Court's prior writ of habeas corpus. For the reasons explained in further detail below, the Court **DENIES** Petitioner's request to enforce the Court's prior order.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is from India. (Doc. 1 at 10.) Petitioner alleges he fled his home country after

1

he was threatened by the Bharatiya Janata Party for his political beliefs and sought humanitarian protection in the United States. (*Id*.) On April 8, 2023, Petitioner entered the United States without inspection near San Ysidro, California, where he was encountered by U.S. Customs and Border Patrol. (Doc. 14 at 6.) That same day, Petitioner was served with a Notice to Appear, charging him as a noncitizen present in the United States who had not been admitted or paroled under Immigration and Nationality Act § 212(a)(6)(A)(i). (*Id*.) He was later released from immigration custody on his own recognizance subject to various reporting requirements per the Alternatives to Detention. (Doc. 1 at 11.) On March 26, 2025, Petitioner was arrested by Fresno County Sheriff's Office deputies for reckless driving. (Doc. 14 at 1-2.) Petitioner was not convicted of this offense. (*Id*.) On November 22, 2025, Petitioner was arrested and detained by ICE for incurring multiple ATD violations, including a failed virtual home visit and multiple missed biometric check-ins. (*Id*. at 6.)

On January 10, 2026, Petitioner filed a petition for writ of habeas corpus challenging his re-detention on due process grounds. (Doc. 1.) Then, on January 29, 2026, Petitioner filed a request for emergency injunctive relief (Doc. 7), which this Court denied as untimely. (Doc. 10.) On March 20, 2026, this Court granted the petition for writ of habeas corpus, holding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc. 16 at 3.) The Court further ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing before an IJ where the Government bears the burden of proof by clear and convincing evidence to show that Petitioner's detention is warranted.[1] (Doc. 16 at 3.)

---

[1] The relevant part of this Court's March 20, 2026, order reads as follows:

> Within 14 days of the date of service of this order, unless Petitioner consents to a later date, Respondent SHALL provide Petitioner with an substantive bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents

On March 24, 2026, a notice of the bond hearing was issued to Petitioner at the Golden State Annex Detention Facility in McFarland, California. (Doc. 20 at 10.)  Pursuant to this Court's order, the Executive Office for Immigration Review ("EOIR") provided Petitioner with a bond hearing on March 26, 2026. (Doc. 18 at 3; Doc. 20 at 3.) Petitioner appeared at the hearing via videoconference and was provided a Punjabi language interpreter. *See* Audio Recording of Bond Hearing ("DAR") at 00:30-1:30. At the outset of the hearing, Petitioner was advised, in pertinent part, of the government's burden, and of his right to have an attorney represent him at the hearing. *See* DAR at 3:00-4:30. The IJ asked if Petitioner understood his right to be represented by counsel and Petitioner replied, "Yes…I understand…absolutely." DAR at 4:20-4:24. Later, the IJ questioned Petitioner, "Sir, you are here today without an attorney, does that mean you will be representing yourself at your bond hearing today?" DAR at 9:59-10:17. In response, Petitioner confirmed that he would be representing himself. *See id*. Throughout the hearing, the IJ questioned Petitioner about his place of residence, roommates, work history, work authorization, arrest for reckless driving, the filing of taxes, and his multiple ATD violations. *See* DAR.

The IJ issued a written memorandum the same day of the hearing, which reiterated that "the Department has established by clear and convincing evidence that Respondent is such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk." (Doc. 20 at 12.) Petitioner was informed of his right to appeal the decision to the BIA by April 27, 2026. DAR 41:00-42:00.

Allegedly unaware that this hearing had already occurred, Petitioner's counsel independently prepared and filed a motion for custody redetermination on April 2, 2026 in anticipation of a bond hearing. (Doc. 18 at 3.) On April 3, 2026, an immigration judge denied Petitioner's motion for a second custody redetermination on two alternative grounds. (Doc. 20 at 14-16.) First, the IJ found that Petitioner requested a custody redetermination hearing pursuant to INA § 236(a) (8 U.S.C. § 1226(a)), but found based on the immigration charge and binding law,

fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner. (Doc. 16 at 3.)

Petitioner was not detained pursuant to section 1226(a) and therefore, the IJ did not possess jurisdiction over the request citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In addition, the IJ noted that she had just recently denied bond based on a finding that the government had established by clear and convincing evidence that Petitioner is a flight risk and Petitioner had not established materially changed circumstances.[2] *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

On April 12, 2026, Petitioner filed a motion to enforce this Court's prior habeas order, arguing that his continued detention without an adequate bond hearing violates his Fifth Amendment due process rights. (Doc. 18 at 7.) Petitioner seeks an order granting his immediate release or, in the alternative, requiring Respondents to provide Petitioner with a constitutionally adequate bond hearing before a neutral arbiter. (*Id.*) In introductory lines of the motion, Petitioner alleged that "neither Petitioner nor counsel were present [at the bond hearing], no evidence was presented on Petitioner's behalf, and no meaningful adversarial process occurred" because Petitioner and his counsel were never given notice of the hearing. (Doc. 18 at 2.)

Based on such information, on April 14, 2026, this Court issued an order to show cause why sanctions should not be imposed on Respondents. (Doc. 19.) The next day, Respondents responded to the OSC and confirmed the following: (1) Petitioner received notice of the bond hearing; (2) Petitioner was present at the bond hearing and affirmatively acknowledged his right to an attorney yet elected to represent himself; and (3) the reason Petitioner's attorney did not receive notice of the bond hearing was because he failed to enter an appearance as counsel of record with the immigration court. (*See generally*, Doc. 20.) Not only did Respondents' demonstrate to the Court that Petitioner received a constitutionally adequate bond hearing in compliance with this Court's prior habeas order, they also revealed that Petitioner's attorney's allegations in the motion to enforce were at best deeply uninformed, and at worst, purposefully

---

[2] It is unclear from the record if Petitioner filed an appeal of the IJ's determination to the BIA.

misleading.

### III.    LEGAL STANDARD

This Court has clear authority to ensure that the government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). As

### IV.    DISCUSSION

#### A.    Exhaustion of Administrative Remedies

As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void*." Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Any exhaustion requirement must fully contend with the Court's continuing authority to

ensure compliance with its earlier habeas order. *See Leonardo,* 646 F.3d 1157 at 1160 (holding the district court retained its authority to review compliance with an earlier order conditionally granting habeas relief); *see also Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir.1994). This Court has previously declined to create an exception to the prudential exhaustion requirement in the context of a detainee's request to enforce a prior writ of habeas corpus under § 2241 and instead elected to waive the prudential exhaustion requirement after finding that Petitioner satisfied at least one of the *Laing* factors. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (holding petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided.").

Petitioner did not explicitly argue any exceptions to the prudential exhaustion requirement apply, other than broadly asserting that Petitioner continues to suffer irreparable harm as a result of his continued detention. (Doc. 18 at 2.) This Court encountered a similar posture in *Loba L.M. v. Andrews,* No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026), and held that where a Petitioner seeks to enforce a prior habeas order that made an explicit finding of irreparable harm due to continued detention, such a finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement. Because the Court found in its prior habeas order that Petitioner here suffered irreparable harm because of his continued detention, the Court finds that Petitioner has satisfied the second *Laing* factor.

Moreover, district courts in the Ninth Circuit note that the unprecedented delays in the BIA appeals process necessarily mean that Petitioners will suffer irreparable injury if required to wait for a BIA decision before being permitted to file a habeas claim. *See Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764 at *4 (W.D. Wash. Apr. 10, 2026) (citing *Scott v. Wamsley*, Case No. 2:25-cv-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025)). For the reasons stated above, the exhaustion requirement is therefore waived.

**B.    Jurisdiction**

Having found that Petitioner need not exhaust his administrative remedies, the Court now turns to the question of whether the Court possesses jurisdiction to rule on the present motion. In

alleging that the March 26 bond hearing did not comport with this Court's prior order, Petitioner cites various procedural defects proceeding and following the hearing, as opposed to challenging the sufficiency of the bond hearing itself or the IJ's application of the legal standard. (Doc. 18 at 4-6.)

In general, district courts do not have jurisdiction to review discretionary bond decisions. 8 U.S.C. § 1226(e) states, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." However, § 1226(e) does not preclude "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court..., we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). The Court will now address its authority to review each of Petitioner's claims.

### 1.      Notice of the March 26 Bond Hearing

Petitioner argues that bond hearing violated due process and, by extension, this Court's prior habeas order, because Petitioner and Petitioner's counsel allegedly did not attend the bond hearing because they did not receive a scheduling notice from EOIR. (Doc. 18 at 4.) Notably, in resolving the prior petition for habeas corpus, this Court did not delineate the precise scope of the hearing that would be required to conform with due process, other than to note when the hearing was to occur and to mandate compliance with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)  where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond." (Doc. 16 at 3.) Neither *Singh* nor Court's order specify when or how Petitioner or his counsel would receive notice of the hearing. Moreover, Petitioner did not argue any jurisdictional basis for the district court to resolve alleged procedural defects that do not clearly fall within the scope of

enforcing a prior habeas order.

A broad reading of *Singh* indicates that the Ninth Circuit contemplated a district court's authority to review alleged due process violations beyond those directly related to the burden of proof governing the bond hearing. In *Singh*, the Ninth Circuit declined to resolve whether the IJ violated Singh's due process rights by permitting the government to cross-examine his wife notwithstanding the parties' prior stipulation that her affidavit would be accepted as true without cross-examination on the basis that Singh failed to demonstrate prejudice. 638 F.3d at 1209-1210.

The Court adopts a similar approach here and concludes that it need not determine whether the alleged procedural defects fall within the scope of its prior order because Petitioner cannot demonstrate prejudice. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008) (subjecting due process violations in immigration proceedings to harmless error review); *see also Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) ("In order to prevail on a due process claim that he was denied a full and fair hearing, an alien must also show prejudice—that his rights were violated in a manner so as potentially to affect the outcome of the proceedings") (internal quotation marks and citation omitted).

As Respondents correctly note, Petitioner's counsel never received notice of the hearing because he never filed a notice of appearance informing EOIR that he represented Petitioner in administrative proceedings in immigration court. (Doc. 20 at 5.) To represent an alien before the EOIR, the attorney must file a notice of appearance (E-28). Immigration Court Practice Manual, ch. 5.3(a), reads:

> (a) Appearance Before the Immigration Court – To perform the functions of, and become the practitioner of record, a practitioner must file a properly completed Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (Form EOIR-28). A practitioner of record is authorized and required to appear on behalf of a respondent/applicant, to file all documents on behalf of a respondent/applicant, and to accept service of process of all documents filed in the proceedings. A properly completed and filed Form EOIR-28 provides a practitioner with access to the record of proceedings during the course of proceedings. An alien is considered to be represented for the proceeding in which a Form EOIR-28 has been properly completed, filed and accepted.

*See* C.F.R. §§ 1003.17, 1292.4, 1292.5(a). Immigration Court Practice Manual, ch. 5.3(f)

8

provides, "After a practitioner has filed a Form EOIR-28 or Form EOIR-27 and has become the practitioner of record, all filings and communications to the immigration court or the Board must be submitted through the practitioner of record in accordance with EOIR filing policies." Here, the Government provided proof that Petitioner's counsel filed the Form E-28, but not until April 2, 2026—days after the March 26, 2026 bond hearing. (Doc. 20 at 19-24.)

Petitioner argues that had counsel received notice and been present at the March 26, 2026, hearing, "Petitioner would have presented substantial evidence demonstrating that any perceived flight risk could be mitigated through conditions of release." (Doc. 18 at 6.) Although Petitioner may very well have been prejudiced by his attorney's failure to appear on his behalf, Petitioner was not prejudiced as a result of the immigration court's failure to adhere to due process or this Court's order. It is apparent from the bond hearing audio recording that 1) Petitioner was advised of his right to counsel at the outset of the bond hearing; (2) Petitioner stated he understood his right to have counsel present at the bond hearing; (3) Petitioner was asked if he intended to represent himself at the bond hearing and he answered in the affirmative; and (4) Petitioner never mentioned to the immigration court that he was represented by counsel nor that he wished to have counsel represent him at the bond hearing. Because Petitioner cannot demonstrate prejudice, his argument that his bond hearing did not comport with due process and this Court's prior order necessarily fails.

### 2.    Denial of Second Bond Hearing

Petitioner argues that the IJ abused her discretion by denying his request for a second bond hearing because she: (1) relied on the prior denial of bond; (2) failed to consider newly submitted evidence; and (3) improperly invoked BIA case law to find a lack of jurisdiction. (*Id*. at 5.) To the extent that Petitioner challenges the outcome of the denial of his second bond hearing request, Ninth Circuit precedent on this issue is clear: though district courts have the authority to review compliance with prior habeas corpus orders they are "under no obligation to address new arguments under the ambit of ensuring compliance with the earlier order." *Leonardo,* 646 F.3d 1157 at 1160.

Petitioner's arguments surrounding the IJ's denial of Petitioner's request for a second

bond hearing unambiguously extend well beyond the scope of the original habeas petition and this Court's order. They constitute new and separate bases for relief which must be brought in a habeas proceeding after Petitioner has exhausted his administrative remedies by appealing to the BIA.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the Court orders:

1.   Petitioner's motion to enforce (Doc. 18) the Court's earlier order is **DENIED**.

2.   The previously issued Order to Show Cause (Doc. 19) is hereby **DISCHARGED**.

IT IS SO ORDERED.

Dated:   **May 13, 2026**

_____
UNITED STATES DISTRICT JUDGE